1

2

3

4                        UNITED STATES DISTRICT COURT

5                               DISTRICT OF NEVADA

6                                      * * *

7    BANK OF AMERICA, N.A.,                    Case No. 2:16-cv-01106-GMN-PAL

8                            Plaintiff,                    ORDER

9        v.                                        (Mot Stay – ECF No. 67)

     TERRACES    AT    ROSE    LAKE
10   HOMEOWNERS ASSOCIATION, et al.,

11                          Defendant.

12          Before the court is Bank of America, N.A.'s Motion to Stay All Discovery Pending

13   Resolution of Pending Motions for Summary Judgment (ECF No. 67). The court has considered

14   the motion, defendant Terraces at Rose Lake Homeowners Association's Opposition (ECF No.

15   75), SFR Investment Pool 1, LLC's Joinder (ECF No. 79), and plaintiff's Reply (ECF No. 82).

16          This case involves claims for quiet title/declaratory relief related to a non-judicial

17   homeowners' association foreclosure sale conducted pursuant to NRS 116. Bank of America,

18   N.A. ("BANA") filed a motion for summary judgment and an opposition to SFR's motion for

19   partial summary judgment on August 31, 2017. BANA argues the motion for summary judgment

20   and opposition raise two purely legal issues that can be resolved without discovery. Specifically,

21   the motions involve applicability of the federal foreclosure bar precluding an HOA sale from

22   extinguishing a property interest of the Federal National Mortgage Association ("Fannie Mae")

23   and preempts any contrary state law.

24          BANA maintains that two recent Ninth Circuit cases have held that the federal foreclosure

25   bar preempts Nevada law that would purport to allow an HOA foreclosure sale to extinguish a

26   property interest of Fannie Mae or Freddie Mac. These decisions held that even if the recorded

27   deed of trust owned by either names only the servicer of record as beneficiary, as in this case, the

28   federal foreclosure bar applies to prevent the HOA sale from extinguishing Fannie Mae's deed of

                                                  1

trust.  The motion cites the Ninth Circuit's recent decisions in *Berezovsky v. Moniz*, __ F.3d __, No. 16-15066, 2017 WL 3648519 (9th Cir. August 25, 2017) and *Elmer v. JPMorgan Chase & Co.*, 2017 WL 3822061 *2 No. 15-17407 (9th Cir. August 31, 2017).  Additionally, BANA argues a stay is warranted because in *Bourne Valley* the Ninth Circuit held that the HOA foreclosure provisions of NRS 116 is facially unconstitutional.  *Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.*, 832 F.3d 1154, 1159-60 (9th Cir. 2016).  On June 26, 2017, the Supreme Court denied Bourne Valley's petition for a writ of certiorari.  BANA maintains that no discovery is required to resolve the two issues addressed in the pending dispositive motions, and a "preliminary peek" of the merits of the motion warrant the requested stay.

Defendant Terraces at Rose Lake HOA opposes the motion arguing BANA is attempting to avoid the Nevada Supreme Court's holding in *SFR Investment Pool I, LLC v. U.S. Bank*, Nev. Adv. Rep. 75, 334 P.3d 408, 418 (2014).  This case was filed May 17, 2016.  Following the bankruptcy of one of the parties, the parties agreed to a global stay which the court approved on March 9, 2017.  The stay was lifted July 20, 2017, and an amended discovery plan was entered by the court on August 9, 2017, giving the parties until November 17, 2017 to conduct discovery.  The HOA argues that stays of discovery while dispositive motions are pending are not favored in this district.  A decision on dispositive motions may take upwards of 120 days to fully brief and decided.  Although the court has broad discretionary power to control discovery, a party seeking a stay has a heavy burden of making a strong showing why discovery should be denied.  Filing a non-frivolous dispositive motion in and of itself is insufficient.  A preliminary peek of the competing motions for partial summary judgment will reveal that SFR Investment's motion seeks a determination only whether the "return doctrine" applies to the statute in this case.  Although the Ninth's Circuit's recent decision in *Berezovsky v. Moniz* is potentially dispositive of some issues, Fannie May was not on recorded title at the time of the HOA foreclosure and not a party to this case.  Therefore, a factual issue exists as to when Fannie Mae actually acquired its interest.  Counsel for the HOA asserts there are "several other issues" that warrant discovery as well, but does not state what those issues are.  Under these circumstances, the HOA argues discovery should not be stayed while dispositive motions are pending.

SFR filed a Joinder (ECF No. 79) incorporating the arguments and explanation of discovery needed in defendant Terraces at Rose Lake Homeowners Association's opposition.

BANA filed a Reply (ECF No. 82) which points out that a stay was previously entered as a result of the bankruptcy of Alessi & Koenig. After the bankruptcy court lifted the stay, this court also lifted the stay and SFR and BANA filed competing motions for summary judgment on August 10, 2017, and August 31, 2017 respectively. In its opposition, the HOA recognizes that the pending motions for partial summary judgment are potentially dispositive of some issues. However, it argues that the court should deny the stay because there is an alleged fact issue regarding Fannie Mae's ownership of the loan, and the court must determine the appropriate remedy. The HOA also argues the court is bound by the Nevada Supreme Court's decision in *SFR Investment Pool 1, LLC v. U.S. Bank*, 130 Nev. Rep. 75 334 P.3d 408, 418 (2014). However, the HOA completely ignores the Ninth Circuit's opinion in *Bourne Valley* which found the Nevada HOA foreclosure statute at issue is facially unconstitutional. The district judge assigned to this case as well as three other district judges in this district have followed *Bourne Valley* holding that an HOA foreclosure sale conducted under the unconstitutional version of the state foreclosure statute cannot extinguish a deed of trust owned by Fannie Mae or Freddie Mac, that title acquired through an HOA foreclosure is subject to the pre-existing Fannie Mae or Freddie Mac deed of trust, and that any factual issue such as actual notice of the HOA foreclosure sale is irrelevant.

The reply asserts that the only possible factual issue after *Berezovsky* is whether the loan was owned by Fannie Mae at the time of the foreclosure. In *Berezovsky*, the Ninth Circuit held that Fannie Mae's database records were admissible business records and that, combined with an explanatory declaration by a Fannie Mae employee, sufficient evidence for purposes of granting summary judgment. Fannie Mae's business records have been disclosed. A summary judgement motion has been filed and the accompanying testimony of its witness will conclusively prove when Fannie Mae acquired the note and deed of trust, and that it was the owner of the note and deed of trust at the time of the HOA foreclosure sale at issue. Therefore, the only remaining issues are pure questions of law that require the court to interpret the federal foreclosure bar and determine its preemptive effect on Nevada law. *Berezovksy* and *Bourne Valley* are binding, final, and

3

indisputably applicable to, and dispositive of, this case. The court should therefore grant the motion to stay all discovery pending a resolution of dispositive motions (ECF No. 63-66, and 76-78).

Having reviewed and considered the moving and responsive papers, as well as conducting a "preliminary peek" of the dispositive motions, the court finds BANA has met its burden of establishing a stay is warranted.

**IT IS ORDERED** that:

1. Bank of America, N.A.'s Motion to Stay All Discovery Pending Resolution of Pending Motions for Summary Judgment (ECF No. 67) is **GRANTED**.

2. The parties shall meet and confer and submit a proposed discovery plan and scheduling order within 14 days of decision of the last currently pending motion for summary judgment in the event any of the parties' claims survive.

DATED this 26th day of October, 2017.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE