**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOMES LOANS SERVICING, LP, f/k/a COUNTRYWIDE HOME LOANS SERVICING, LP,<br><br>Plaintiff,<br>vs.<br><br>TERRACES AT ROSE LAKE HOMEOWNERS ASSOCIATION, *et al.*,<br><br>Defendants.<br>_____<br><br>SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company,<br><br>Counter/Cross Claimant,<br>vs.<br><br>BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP, f/k/a COUNTRYWIDE HOME LOANS SERVICING, LP, *et al.*,<br><br>Counter/Cross Defendants.<br>_____ | Case No.: 2:16-cv-01106-GMN-PAL<br><br>**ORDER** |

Pending before the Court is the Motion for Partial Summary Judgment, (ECF No. 63), filed by Defendant SFR Investments Pool 1, LLC ("SFR"). Plaintiff Bank of America, N.A. ("BANA") filed a Response, (ECF No. 65), and SFR filed a Reply, (ECF No. 66).

Also pending before the Court is the Motion for Partial Summary Judgment, (ECF No. 64), filed by BANA. SFR filed a Response, (ECF No. 76),[1] and BANA filed a Reply, (ECF No. 87).

Also pending before the Court is the Motion for Summary Judgment, (ECF No. 78), filed by SFR. BANA filed a Response, (ECF No. 89), and SFR filed a Reply, (ECF No. 95). For the reasons discussed herein, the Court **GRANTS** BANA's Motion for Partial Summary Judgment and **DENIES** SFR's Motions for Partial Summary Judgment and Summary Judgment.

## I. BACKGROUND

This case arises out of the non-judicial foreclosure on real property located at 3420 Catherine Mermet Avenue, North Las Vegas, Nevada 89091 (the "Property"). (Compl. ¶ 1, ECF No. 1). In March of 2007, Engelbert Espinosa and Charito Espinosa purchased the Property by way of a loan in the amount of $237,927.00 secured by a Deed of Trust ("DOT") recorded on March 15, 2007. (*Id.* ¶¶ 12–13). The DOT identifies CTX Mortgage Company, LLC ("CTX") as the original lender (*Id.* ¶ 13). In June of 2007, the Federal National Mortgage Association ("Fannie Mae") purchased the loan, obtaining an ownership interest in the DOT. (*Id.* ¶ 14). BANA acquired an interest in the DOT through a corporation assignment of deed of trust in July of 2010. (*Id.* ¶ 15).

On July 22, 2010, Defendant Alessi & Koenig, LLC ("A&K") recorded a notice of delinquent assessment against the Property on behalf of Defendant Terraces at Rose Lake Homeowners Association ("HOA"). (*Id.* ¶ 22). On October 15, 2010, a notice of default and election to sell was recorded to satisfy the delinquent assessment lien. (*Id.* ¶ 24).

---

[1] SFR also filed this document as a Countermotion for Partial Summary Judgment, (ECF No. 77). The Court will address this Motion and the arguments therein *infra*.

On May 10, 2011, BANA, as servicer for Fannie Mae, remitted payment to HOA through A&K. (*Id.* ¶ 31). Although BANA requested the super-priority amount HOA alleged was due, HOA did not provide this amount. (*Id.* ¶ 32). Nevertheless, BANA tendered what it calculated was the super-priority amount to HOA through A&K on May 10, 2011. (*Id.* ¶ 34). On May 25, 2011, A&K, on behalf of HOA, recorded a trustee's deed upon sale indicating that HOA purchased the property. (*Id.* ¶ 35). On November 6, 2013, HOA transferred its interest in the property to SFR through a quitclaim deed. (*Id.* ¶ 37).

On May 17, 2016, BANA filed its Complaint claiming the following causes of action against various parties involved in the foreclosure and subsequent sale of the Property: (1) declaratory relief; (2) quiet title; (3) breach of Nevada Revised Statute ("NRS") § 116.1113; (4) wrongful foreclosure; and (5) injunctive relief. (*Id.* ¶¶ 38–97).

On July 12, 2016, SFR filed its Answer, (ECF No. 19), that asserted counterclaims against BANA for quiet title and injunctive relief. (SFR's Answer 15:14–16:4). In response, BANA filed an Answer asserting, *inter alia*, an affirmative defense that "NRS Chapter 116 is facially unconstitutional because its 'opt-in' notice provisions do not mandate reasonable and affirmative steps to be taken to give actual notice to a record lien holder before depriving the lien holder of its property rights . . . ." (BANA's Answer 9:17–20, ECF No. 27).

On August 10, 2017, SFR filed the instant Motion for Partial Summary Judgment, (ECF No. 63), and on August 31, 2017, BANA filed its Counter Motion for Partial Summary Judgment, (ECF No. 64). SFR filed its Motion for Summary Judgment on October 5, 2017, (ECF No. 78).

## II. <u>LEGAL STANDARD</u>

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant

is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v.*

*Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *Id.* at 249–50.

## II. DISCUSSION

BANA and SFR filed the instant cross Motions for Partial Summary Judgment on their respective claims for declaratory relief. (SFR's Mot. Partial Summ. J. ("SFR's MPSJ"), ECF No. 63); (BANA's Mot. Partial Summ. J. ("BANA's MPSJ"), ECF No. 64). Specifically, SFR seeks a judicial determination that "under the Return Doctrine, NRS Chapter 116's 'notice scheme' 'returns' to its 1991 version, thereby eliminating [BANA's] aforementioned affirmative defense," that argues that HOA foreclosed under a facially unconstitutional statute. (SFR's MPSJ 3:14–16); (*see also* BANA's Answer 9:17–20). SFR also moves for summary judgment arguing, *inter alia*, that the Court should sever the unconstitutional provisions of NRS 116. (SFR's Mot. Summ. J. ("SFR's MSJ") 7:22–8:8, ECF No. 78). Conversely, BANA seeks partial summary judgment for declaratory relief where it seeks a declaration that "the HOA sale

did not extinguish Fannie Mae's interest in the Property, and thus the [DOT] continues to encumber the Property." (*Id.* 2:1–6). Before turning to the merits of the parties' respective Motions, the Court first considers the impact of the Ninth Circuit's ruling in *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016), *cert. denied*, No. 16-1208, 2017 WL 1300223 (U.S. June 26, 2017).

### A. The Scope and Effect of *Bourne Valley*

In *Bourne Valley*, the Ninth Circuit held that NRS § 116.3116's "'opt-in' notice scheme, which required a homeowners' association to alert a mortgage lender that it intended to foreclose only if the lender had affirmatively requested notice, facially violated the lender's constitutional due process rights under the Fourteenth Amendment to the Federal Constitution." *Bourne Valley*, 832 F.3d at 1156. Specifically, the Court of Appeals found that by enacting the statute, the legislature acted to adversely affect the property interests of mortgage lenders, and was thus required to provide "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 1159. The statute's opt-in notice provisions therefore violated the Fourteenth Amendment's Due Process Clause because they impermissibly "shifted the burden of ensuring adequate notice from the foreclosing homeowners' association to a mortgage lender." *Id.*

The necessary implication of the Ninth Circuit's opinion in *Bourne Valley* is that the petitioner succeeded in showing that no set of circumstances exists under which the opt-in notice provisions of NRS § 116.3116 would pass constitutional muster. *See, e.g.*, *United States v. Salerno*, 481 U.S. 739, 745 (1987) ("A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid."); *William Jefferson & Co. v. Bd. of Assessment & Appeals No. 3 ex rel. Orange Cnty.*, 695 F.3d 960, 963 (9th Cir. 2012) (applying *Salerno* to facial procedural due process challenge under the Fourteenth Amendment). The fact

that a statute "might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it wholly invalid." *Salerno*, 481 U.S. at 745. To put it slightly differently, if there were any conceivable set of circumstances where the application of a statute would not violate the constitution, then a facial challenge to the statute would necessarily fail. *See, e.g.*, *United States v. Inzunza*, 638 F.3d 1006, 1019 (9th Cir. 2011) (holding that a facial challenge to a statute necessarily fails if an as-applied challenge has failed because the plaintiff must "establish that no set of circumstances exists under which the [statute] would be valid").

Here, the Ninth Circuit expressly invalidated the "opt-in notice scheme" of NRS § 116.3116, which it pinpointed in NRS 116.3116(2). *Bourne Valley*, 832 F.3d at 1158. In addition, this Court understands *Bourne Valley* also to invalidate NRS 116.311635(1)(b)(2), which also provides for opt-in notice to interested third parties. According to the Ninth Circuit, therefore, these provisions are unconstitutional in each and every application; no conceivable set of circumstances exists under which the provisions would be valid. The factual particularities surrounding the foreclosure notices in this case—which would be of paramount importance in an as-applied challenge—cannot save the facially unconstitutional statutory provisions. In fact, it bears noting that in *Bourne Valley*, the Ninth Circuit indicated that the petitioner had not shown that it did not receive notice of the impending foreclosure sale. Thus, the Ninth Circuit declared the statute's provisions facially unconstitutional notwithstanding the possibility that the petitioner may have had actual notice of the sale.

SFR also argues that NRS § 107.090, which "requires that copies of the notice of default and election to sell, and the notice of sale be mailed to each 'person with an interest or claimed interest' that is 'subordinate' to the HOA's super-priority," is "incorporated into NRS Chapter 116 by NRS 116.31168." (SFR's MSJ 6:23–25, ECF No. 78). However, *Bourne Valley* expressly rejected this argument. *Bourne Valley*, 832 F.3d at 1159 ("If section 116.31168(1)'s incorporation of section 107.090 were to have required homeowners' associations to provide

that a statute "might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it wholly invalid." *Salerno*, 481 U.S. at 745. To put it slightly differently, if there were any conceivable set of circumstances where the application of a statute would not violate the constitution, then a facial challenge to the statute would necessarily fail. *See, e.g.*, *United States v. Inzunza*, 638 F.3d 1006, 1019 (9th Cir. 2011) (holding that a facial challenge to a statute necessarily fails if an as-applied challenge has failed because the plaintiff must "establish that no set of circumstances exists under which the [statute] would be valid").

Here, the Ninth Circuit expressly invalidated the "opt-in notice scheme" of NRS § 116.3116, which it pinpointed in NRS 116.3116(2). *Bourne Valley*, 832 F.3d at 1158. In addition, this Court understands *Bourne Valley* also to invalidate NRS 116.311635(1)(b)(2), which also provides for opt-in notice to interested third parties. According to the Ninth Circuit, therefore, these provisions are unconstitutional in each and every application; no conceivable set of circumstances exists under which the provisions would be valid. The factual particularities surrounding the foreclosure notices in this case—which would be of paramount importance in an as-applied challenge—cannot save the facially unconstitutional statutory provisions. In fact, it bears noting that in *Bourne Valley*, the Ninth Circuit indicated that the petitioner had not shown that it did not receive notice of the impending foreclosure sale. Thus, the Ninth Circuit declared the statute's provisions facially unconstitutional notwithstanding the possibility that the petitioner may have had actual notice of the sale.

SFR also argues that NRS § 107.090, which "requires that copies of the notice of default and election to sell, and the notice of sale be mailed to each 'person with an interest or claimed interest' that is 'subordinate' to the HOA's super-priority," is "incorporated into NRS Chapter 116 by NRS 116.31168." (SFR's MSJ 6:23–25, ECF No. 78). However, *Bourne Valley* expressly rejected this argument. *Bourne Valley*, 832 F.3d at 1159 ("If section 116.31168(1)'s incorporation of section 107.090 were to have required homeowners' associations to provide

notice of default to mortgage lenders even absent a request, section 116.31163 and section 116.31165 would have been meaningless.").

**B. Return to Notice Scheme in 1991 Version of NRS 116.3116 *et seq.***

In addition to its § 107.090 argument, SFR contends that the facially unconstitutional ruling in *Bourne Valley* requires the Court to treat § 116.3116 *et seq.* as if it were never passed and instead apply the prior version of the statute. (*See* SFR's MPSJ 9:9–11); (SFR's MSJ 6:10–7:21). Specifically, SFR argues for the application of the 1991 version of the statute, which existed prior to the amendment incorporating the unconstitutional provisions in the 1993 version. (SFR's MSJ 9:9–10:4). The alleged notice scheme in the 1991 version of the statute provided: "[t]he association must also give reasonable notice of its intent to foreclose to all holders of liens in the unit who are known to it." A.B. 221, 1991 Nev. Stat., ch. 245, § 104, at 570–71. Based on a retroactive application of the 1991 version, SFR argues that the foreclosure sale passes constitutional scrutiny and extinguishes the DOT.

Indeed, Nevada law recognizes the theory that a statute may "return" to its prior version upon a ruling of unconstitutionality. *See We People Nevada ex rel. Angle v. Miller*, 192 P.3d 1166, 1176 (Nev. 2008) ("[W]hen a statute is declared unconstitutional, it has no effect and the prior governing statute is revived."). Under federal law, however, courts rely on principles of reasonableness and fairness to determine the effect of a ruling on a statute's constitutionality. *See Chicot Cnty. Drainage Dist. V. Baxter State Bank*, 308, U.S. 371, 374 (1940); *Linkletter v. Walker*, 381 U.S. 618, 621–29 (1965); *Lemon v. Kurtzman*, 411 U.S. 192, 198–99 (1973).

Here, the Court declines to apply the return doctrine and revive the 1991 version of the statute. In making this determination, the Court finds persuasive the reasoning of other decisions in this District. *See Nationstar Mortg. LLC v. Giavanna Homeowners Ass'n*, No. 2:15-cv-01992-LDG-CWH, 2017 WL 4248129, at *2 (D. Nev. Sept. 25, 2017) (declining to apply the return doctrine to revive the notice scheme contained in the 1991 version of N.R.S.

§ 116.31168 because *Bourne Valley* struck down N.R.S. §§ 116.31163(2) and 116.31165(2)(b)—not N.R.S. § 116.31168); *see also Nationstar Mortg. LLC v. Tyrolian Vill. Ass'n, Inc.*, No. 3:17-cv-00250-LRH-VPC, 2017 WL 5559955, at *4 (D. Nev. Nov. 17, 2017) (declining to apply the return doctrine because it would allow parties to retain benefits under the 1993 version of the statute "while simultaneously avoiding any detriments under the same version of the statute").

Moreover, even to the extent the Court did apply the return doctrine, the 1991 version of the statute poses additional unresolved constitutional concerns. *See* N.R.S. § 116.31168; *see U.S. Bank Nat'l Ass'n v. Thunder Properties Inc.*, No. 3:15-cv-00328-MMD-WGC, 2017 WL 4102464, at *3 (D. Nev. Sept. 14, 2017) (finding the 1991 notice scheme "ripe for constitutional consideration"); *see also Clark v. Martinez*, 543 U.S. 371, 380–81 (2005) (stating that courts should construe statutes so as to avoid constitutional infirmities). The Court therefore declines to apply the 1991 version of the statute to the instant case and rejects SFR's argument.

### C. Severability

SFR further argues that the Court should sever the unconstitutional provisions of NRS § 116 and enforce the remaining statute. (SFR's MSJ 7:22–10:13). This approach, however, would leave the statute without any notice provision. The absence of a notice requirement would raise additional constitutional due process challenges, which is "inconsistent with established precedent holding that courts ought to construe statutes so as to avoid constitutional infirmities." *See PNC Bank, N.A. v. Winfield Springs Cmty. Ass'n*, No. 3:15-cv-00346-MMD-VPC, 2017 WL 4172616, at *4 (D. Nev. Sept. 20, 2017) (denying defendant's severability argument based on potential due process issues). The Court, therefore, rejects this argument.

Based on the foregoing, the Court finds that HOA foreclosed under a facially unconstitutional notice scheme, and thus the foreclosure cannot have extinguished the DOT.

The Court additionally finds that the sale of the Property remains intact, but the Property remains subject to Fannie Mae's interest, and the DOT continues to encumber the Property. Accordingly, the Court denies SFR's Motion and grants summary judgment in favor of BANA on its declaratory relief claim.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that BANA's Motion for Partial Summary Judgment, (ECF No. 64), is **GRANTED** consistent with the foregoing.

**IT IS FURTHER ORDERED** that SFR's Motion for Partial Summary Judgment, (ECF No. 63), is **DENIED**.

**IT IS FURTHER ORDERED** that SFR's Countermotion for Partial Summary Judgment, (ECF No. 77), is **DENIED**.

**IT IS FURTHER ORDERED** that SFR's Motion for Summary Judgment, (ECF No. 78), is **DENIED**.

**IT IS FURTHER ORDERED** that Movant Federal Housing Finance Agency's Motion for Leave to File a Brief in Support of BANA's Motion for Partial Summary Judgment, (ECF No. 91), is **DENIED** as moot.

**IT IS FURTHER ORDERED** that SFR's Motion to Strike, (ECF No. 92), is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the parties shall have fourteen days from the date of this Order to file a joint status report identifying whether there are any non-moot claims remaining in light of this Order.

**DATED** this __20__ day of March, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Court