# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOMES LOANS SERVICING, LP, f/k/a COUNTRYWIDE HOME LOANS SERVICING, LP,<br><br>Plaintiff,<br>vs.<br><br>TERRACES AT ROSE LAKE HOMEOWNERS ASSOCIATION, *et al.*,<br><br>Defendants.<br>_____<br>SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company,<br><br>Counter/Cross Claimant,<br>vs.<br><br>BANK OF AMERICA, N.A., *et al.*,<br><br>Counter/Cross Defendants. | Case No.: 2:16-cv-01106-GMN-PAL<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss, (ECF No. 111), filed by Defendant Terraces at Rose Lake Homeowners Association, ("HOA"). Plaintiff Bank of America, N.A. ("Plaintiff") filed a Response, (ECF No. 112), and HOA did not file a Reply.

Also pending before the Court is Plaintiff's Motion to Stay, (ECF No. 113), to which no party filed an opposition.

Also pending before the Court is the Motion for Default Judgment, (ECF No. 110), filed by Defendant and Cross Claimant SFR Investments Pool 1, LLC ("SFR"), against Cross Defendants Engelbert Espinosa and Charito Espinosa (the "Borrowers").

For the reasons discussed herein, HOA's Motion to Dismiss is **GRANTED**, Plaintiff's Motion to Stay is **DENIED**, and SFR's Motion for Default Judgment is **GRANTED**.

## I. BACKGROUND

This case arises out of the non-judicial foreclosure on real property located at 3420 Catherine Mermet Avenue, North Las Vegas, Nevada 89091 (the "Property"). (Compl. ¶ 1, ECF No. 1). In March of 2007, Borrowers purchased the Property by way of a loan secured by a Deed of Trust ("DOT") recorded on March 15, 2007. (*Id.* ¶¶ 12–13). Plaintiff later acquired an interest in the DOT through an assignment in July of 2010. (*Id.* ¶ 15).

Upon Borrowers' failure to pay all amounts due, HOA, through its agent Alessi & Koenig, LLC ("A&K"), instituted foreclosure proceedings that ultimately resulted in a foreclosure sale on May 25, 2011, at which HOA purchased the Property. (*Id.* ¶ 35). On November 6, 2013, HOA transferred its interest in the property to SFR through a quitclaim deed. (*Id.* ¶ 37).

On May 17, 2016, Plaintiff filed its Complaint bringing the following causes of action against various parties involved in the foreclosure and subsequent sale of the Property: (1) declaratory relief; (2) quiet title; (3) breach of NRS 116.1113; (4) wrongful foreclosure; and (5) injunctive relief. (*Id.* ¶¶ 38–97). On July 12, 2016, SFR filed its Answer asserting counterclaims and crossclaims against Plaintiff and Borrowers for: (1) quiet title with a requested remedy of declaratory relief; (2) and injunctive relief. (SFR's Answer 15:14–16:4).

On March 20, 2018, the Court issued its Order, (ECF No. 104), on Plaintiff and SFR's motions for summary judgment, (ECF Nos. 63–64, 77–78). The Court granted Plaintiff's motion as to its claims for quiet title and declaratory relief concluding that Plaintiff's senior DOT continues to encumber the Property. (Order 9:24–10:4, ECF No. 104). The Court denied SFR's motion but explicitly declined to unwind the foreclosure sale as void. (*Id.* 10:1–2).

In its Order, the Court instructed the parties to file a joint status report identifying whether there are any non-moot claims in light of the ruling. (Order 10:19–21). Upon failing to agree on language for a joint status report, Plaintiff filed a separate document from the other parties, (*see* ECF Nos. 105, 106). Defendants stated that Plaintiff's remaining claims against HOA and A&K for breach of NRS 116.1113 and wrongful foreclosure were mooted by the Court's ruling. (Defs.' Status Report 2:12–19, ECF No. 105). Plaintiff's status report indicated that Plaintiff agreed that these two remaining claims, as well as its claim for injunctive relief, were moot. (Pl.'s Status Report 2:23–3:7, 3:8–9 ECF No. 106). However, Plaintiff requested that the Court stay its ruling on these claims pending SFR's appeal. (*Id.* 3:3–7).

HOA now seeks dismissal of Plaintiff's remaining claims against HOA and A&K as moot. (HOA's Mot. to Dismiss ("MTD") 4:20–5:11, ECF No. 111). Plaintiff requests that the Court stay its ruling on the remaining claims. (Pl.'s Mot. to Stay 3:12–22, ECF No. 113). SFR moves for Default Judgment against Borrowers on its declaratory relief claim. (Mot. for Default J. 4:23–5:6, ECF No. 110).

## II. <u>LEGAL STANDARD</u>

### A. Motion to Dismiss

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id.* Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

**B.    Motion to Stay Pending Appeal**

A stay pending appeal is generally subject to the standard governing preliminary injunctions. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The relevant factors include: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;

(2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Golden Gate Rest. Ass'n v. City and Cnty. of San Francisco*, 512 F.3d 1112, 1115 (9th Cir. 2008) (quoting *Hilton*, 481 U.S. at 776).

### C. Motion for Default Judgment

Obtaining a default judgment is a two-step process governed by Rule 55 of the Federal Rules of Civil Procedure. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, the moving party must seek an entry of default from the clerk of court. Fed. R. Civ. P. 55(a). Then, after the clerk of court enters default, a party must separately seek entry of default judgment from the court in accordance with Rule 55(b). Fed R. Civ. P. 55(b). Upon entry of a clerk's default, the court takes the factual allegations in the complaint as true. Nonetheless, while the clerk's entry of default is a prerequisite to an entry of default judgment, "a plaintiff who obtains an entry of default is not entitled to default judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004) (citation omitted). Instead, whether to grant a default judgment is in the court's discretion. *Id.*

The Ninth Circuit has identified several relevant factors in determining whether to grant default judgment including: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to the excusable neglect; and (7) the strong public policy favoring decisions on the merits. *Eitel*, 782 F.2d at 1471–72.

## III. DISCUSSION

### A. HOA's Motion to Dismiss

HOA seeks dismissal of Plaintiff's remaining claims against HOA and A&K for declaratory relief,[1] breach of NRS 116.1113, and wrongful foreclosure. (HOA's MTD 2:26–3:2, ECF No. 111). HOA argues that these claims are moot because the Court's prior Order, (ECF No. 104), established that the HOA foreclosure sale did not extinguish Plaintiff's DOT. (HOA's MTD 4:19–23). Therefore, according to HOA, Plaintiff has no damages to pursue against HOA and A&K, and the remaining claims are now moot. (*Id.* 4:23–5:2).

Plaintiff, in its Response, indicates that its claims are "technically moot," but argues that a stay pending appeal is more appropriate in order to preserve its claims and guard against a potential statute-of-limitations defense. (Pl.'s Resp. to HOA's MTD 2:21–3:10, ECF No. 112). Plaintiff nonetheless recognizes that its claims for breach of NRS 116.1113 and wrongful foreclosure are "alternative claims for damages," which Plaintiff "does not need to pursue" at this time. (*Id.* 3:12–22); (*see also id.* 2:21) ("[Plaintiff] does not dispute its claims against the HOA are moot at this time").

The Court agrees with HOA, SFR, and A&K that Plaintiff's claims for breach of NRS 116.1113 and wrongful foreclosure are moot in light of the Court's Order on the parties' motions for summary judgment. (*See* Order 9:24–10:21, ECF No. 104). The Court granted Plaintiff relief in the form of quieting title to the Property in its favor and declaring that its senior DOT remains a valid encumbrance on the Property. Plaintiff's Complaint specifies, with respect to its claims for breach of NRS 116.1113 and wrongful foreclosure, that these causes of action are alternative claims that Plaintiff would pursue if the Court determined that the HOA foreclosure sale extinguished Plaintiff's senior DOT. (*See* Compl. ¶¶ 88, 96). That is, these two

---

[1] In its prior Order, the Court granted Plaintiff summary judgment on its quiet title claim along with its requested remedy of declaratory relief. (*See* Order 10:1–2, ECF No. 104). Accordingly, to the extent Defendants seeks to dismiss the declaratory relief claim as moot, that claim has already been ruled upon in Plaintiff's favor.

claims were explicitly premised upon the Court denying Plaintiff's motion as to its quiet title claim. Because the Court found that Plaintiff's DOT was not extinguished by the foreclosure sale, these claims are moot. As for Plaintiff's claim for injunctive relief, Plaintiff acknowledges this claim is moot. (Pl.'s Status Report 3:8–9 ECF No. 106).

Accordingly, the Court dismisses Plaintiff's causes of action for breach of NRS 116.1113, wrongful foreclosure, and injunctive relief as moot. The Court now turns to Plaintiff's argument in favor of a stay pending appeal.

### B. Plaintiff's Motion to Stay Pending Appeal

Plaintiff asserts that in the event the "Court's ruling [on Plaintiff's Motion for Summary Judgment] were to be reversed on appeal" Plaintiff would pursue its claims for breach of NRS 116.1113 and wrongful foreclosure on remand. (Pl.'s Mot. to Stay 3:18–20). Plaintiff continues that "[b]ecause of potential concerns arising from possibly applicable statutes of limitations, [Plaintiff] urges the court to consider a stay of the remaining unresolved claims rather than dismissal." (*Id.* 3:20–22).

Plaintiff, however, has not made any showing on the relevant factors to establish a stay is justified and has not cited any authority to support its position. Moreover, a stay of judgment on Plaintiff's remaining causes of action would be inconsistent with the Court's finding, and Plaintiff's acknowledgment, that its prior Order mooted its remaining claims. The Court, accordingly, denies Plaintiff's Motion to Stay.

### C. SFR's Motion for Default Judgment

SFR moves for default judgment against Borrowers on its declaratory relief claim. (*See generally* Mot. for Default J., ECF No. 110). SFR has already complied with the two-step process required under Federal Rule of Civil Procedure 55. Specifically, pursuant to Rule 55(a), SFR has moved for clerk's entry of default, (ECF Nos. 71, 72), and the clerk subsequently entered default against Borrowers on October 3, 2017, (ECF No. 73). In

accordance with Rule 55(b), SFR brings the instant Motion requesting that the Court enter default judgment, (ECF No. 110).

Upon reviewing the documents and pleadings on file in this matter, the Court finds that the *Eitel* factors support entry of default judgment in favor of SFR, and against Borrowers in this action. The first *Eitel* factor weighs in favor of default judgment. Courts in this district hold that a defendant's failure to respond or otherwise appear in a case "prejudices a plaintiff's ability to pursue its claims on the merits," and therefore satisfies this first factor. *See, e.g.*, *ME2 Prods., Inc. v Sanchez*, No. 2:17-cv-667-JCM-NJK, 2018 WL 1763514, at *1 (D. Nev. Apr. 12, 2018); *Tropicana Entm't Inc. v. N3A Mfg., Inc.*, No. 3:16-cv-0257-LRH-VPC, 2018 WL 2088871, at *2 (D. Nev. May 3, 2018).

Regarding the second and third *Eitel* factors, the Court finds SFR's crossclaim against Borrowers is sufficiently pleaded and is meritorious with respect to its cause of action for declaratory relief. Specifically, SFR has introduced evidence establishing its interest in the Property is superior in relation to that of Borrowers'. (*See, e.g.*, Trustee's Deed Upon Sale, Ex. 1-D to SFR's Mot. for Default J., ECF No. 110).

The fourth factor weighs in favor of default judgment because SFR seeks only declaratory relief and no monetary damages against Borrowers. (Mot. for Default J. 3:15, 3:16–25). The fifth *Eitel* factor, which concerns the possibility of a dispute regarding material facts, favors SFR. There is no dispute concerning the material facts as SFR obtained its interest in the Property following the foreclosure sale after Borrowers failed to stay current on their payment obligations. (*See* Order. 2:19–3:7, 9:24–10:4, ECF No. 104). Because the Court left the foreclosure sale intact, SFR's superior interest in the Property relative to that of Borrowers is factually uncontroverted. Moreover, courts have recognized at the default-judgment stage that "[o]nce the clerk enters a default, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages." *ME2 Prods., Inc.*, 2018 WL

1763514, at *2 (quoting *O'Brien v. United States*, No. 2:07-cv-00986-GMN-GWF, 2010 WL 3636171, at *4 (D. Nev. Sept. 9, 2010)).

With respect to the sixth *Eitel* factor, the Court finds Borrowers' failure to appear was not the result of excusable neglect. Borrowers were served on August 24, 2016, and their answer was due on September 14, 2016, (ECF Nos. 30, 31). The clerk's entry of default was entered against Borrowers on October 3, 2017, (ECF No. 72), and SFR filed the instant Motion on May 9, 2018, (ECF No. 110). Borrowers' failure to appear, respond to SFR's crossclaim, or otherwise file anything with respect to SFR's motions counsels against a finding of excusable neglect. *See ME2 Prods., Inc.*, 2018 WL 1763514, at *3; *O'Brien*, 2010 WL 3636171, at *6.

The seventh and final *Eitel* factor concerns public policy considerations. While public policy generally favors disposition on the merits, the Court concludes that default judgment is appropriate in light of the other *Eitel* factors.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that HOA's Motion to Dismiss, (ECF No. 111), is **GRANTED**. Plaintiff's claims for breach of NRS 116.1113, wrongful foreclosure, and injunctive relief are **DISMISSED as moot** pursuant to the Court's Order, (ECF No. 104).

**IT IS FURTHER ORDERED** that SFR's Motion for Default Judgment, (ECF No. 110), against Borrowers is **GRANTED**.

**IS IT FURTHER ORDERED** that Plaintiff's Motion to Stay, (ECF No. 113), is **DENIED**.

The clerk of court is instructed to close the case.

**DATED** this ____1____ day of October, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Court