**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BANK OF AMERICA, N.A., ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:16-cv-01106-GMN-PAL |
| vs. ) | |
| ) | **ORDER** |
| TERRACES AT ROSE LAKE ) | |
| HOMEOWNERS ASSOCIATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

Pending before the Court is SFR Investments Pool 1, LLC's ("SFR's") Motion for Summary Judgment, (ECF No. 128). Plaintiff Bank of America, N.A. ("BANA") filed a Response, (ECF No. 132), and SFR filed Reply, (ECF No. 137).

Also pending before the Court is BANA's Motion for Partial Summary Judgment, (ECF No. 131). SFR filed a Response, (ECF No. 135), and BANA filed a Reply, (ECF No. 139).

Also pending before the Court is SFR's Counter Motion for Relief under Federal Rule of Civil Procedure 56(d), (ECF No. 136). BANA filed a Response, (ECF No. 140), and SFR filed a Reply, (ECF No. 143).

For the reasons discussed below, the Court **GRANTS** SFR's Counter Motion for Relief under Federal Rule of Civil Procedure 56(d), **DENIES** SFR's Motion for Summary Judgment **in part with prejudice** and **in part without prejudice**, and **DENIES without prejudice** BANA's Partial Motion for Summary Judgment.

**I.     BACKGROUND**

This case arises from a non-judicial foreclosure on real property located at 3420 Catherine Mermet Avenue, North Las Vegas, Nevada, 89091 (the "Property"), conducted by Defendant Terraces at Rose Lake Homeowners Association ("HOA") due to outstanding

delinquent assessments owed against the Property. (Compl. ¶¶ 1, 22, ECF No. 1). Prior to foreclosure, Engelbert Espinosa and Charito Espinosa ("Borrowers") purchased the Property in March of 2007, by way of a loan amounting to $237,927.00 secured by a Deed of Trust ("DOT"), recorded on March 15, 2007. (*Id.* ¶¶ 12–13). The DOT identifies CTX Mortgage Company, LLC as the original lender. (*Id.* ¶ 13). In June of 2007, the Federal National Mortgage Association ("Fannie Mae") allegedly purchased the loan, obtaining an ownership interest in the DOT. (*Id.* ¶ 14). BANA then acquired an interest in the DOT through an assignment in July of 2010. (*Id.* ¶ 15).

BANA initiated this case by filing its Complaint, (ECF No. 1), seeking quiet title and equitable relief associated with the foreclosure sale on the basis that the foreclosure sale did not extinguish its DOT on the Property. On March 20, 2018, the Court granted summary judgment to BANA because, under *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016), the HOA "foreclosed under a facially unconstitutional notice scheme" and, therefore, the "foreclosure cannot have extinguished" BANA's DOT on the property. (Order 9:24–10:4, ECF No. 104). The parties appealed that decision to the United States Court of Appeals for the Ninth Circuit. While this case was pending on appeal, the Ninth Circuit held in a different matter that Nevada's homeowner's association foreclosure scheme is not facially unconstitutional because the decision in *Bourne Valley* was based on a construction of Nevada law that the Nevada Supreme Court has since made clear was incorrect. *See Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 624 (9th Cir. 2019) (recognizing that *Bourne Valley* "no longer controls the analysis" in light of *SFR Investments Pool1, LLC v. Bank of New York Mellon*, 422 P.3d 1248 (Nev. 2018)). This Court then indicated to the Circuit that it would vacate its prior Order on summary judgment, and the Circuit remanded to address the merits of BANA's claims considering the later-decided authority. (Order, ECF No. 120); (Order of USCA, ECF No. 124).

Now on remand, the parties filed renewed Motions for Summary Judgment. Also, SFR requests limited, additional discovery at this stage under Federal Rule of Civil Procedure 56(d) to adequately address BANA's renewed arguments on summary judgment.

## II.   LEGAL STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is a sufficient evidentiary basis on which a reasonable factfinder could rely to find for the nonmoving party. *See id.* "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co*., 391 U.S. 253, 288–89 (1968)). "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp.*

*Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).  In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).  However, the nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of America*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted).  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.  In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

At summary judgment, a court's function is not to weigh the evidence and determine the

truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III. DISCUSSION

SFR moves for summary judgment by arguing that all of BANA's claims against it are time-barred because BANA filed its Complaint more than four years after the HOA's foreclosure sale. (SFR's Mot. Summ. J. ("MSJ") 1:22–25, ECF No. 128). SFR further argues that even if BANA's claims are timely, BANA has not provided adequate evidentiary support to succeed on its quiet title or equitable relief claims, nor has BANA presented a cognizable equitable challenge to the foreclosure sale. (*Id.* 24–30:6). BANA, by contrast, argues its claims are timely and that summary judgment in its favor is appropriate either under the Federal Foreclosure Bar (12 U.S.C. § 4617(j)(3)) or due to BANA's pre-foreclosure tender of the superpriority portion of HOA's outstanding lien on the Property. SFR refutes each of BANA's arguments on their merits, but also moves for permission to conduct additional discovery under Federal Rule of Civil Procedure 56(d). (Counter Motion for FRCP 56(d) Relief 29:21–30:14, ECF No. 135).

The below discussion first addresses whether BANA's claims are time-barred, since resolution of that issue in SFR's favor would render all other issues moot. Because the Court finds that BANA's claims against SFR are timely, the Court then addresses whether to grant SFR's request for additional discovery before ruling on the full merits of summary judgment.

#### A. Statute of Limitations

At the outset, SFR argues that BANA's quiet title claim under the Federal Foreclosure Bar is time-barred because a three-year or, at most, four-year statute of limitations governs. (SFR's MSJ 7:10–12:12). To support this argument, SFR provides an extensive analysis on

BANA's quiet title claim sounds in tort versus contract and how Nevada law impacts that distinction. (*Id.*).

Fortunately, the Ninth Circuit in M*&T Bank v. SFR Investments Pool 1, LLC*, 963 F.3d 854, 858 (9th Cir. 2020), recently held that the statute of limitations for a quiet title claim arising from the Federal Foreclosure Bar is six years, as delineated in the Housing Economic Recovery Act's ("HERA's") provisions of 12 U.S.C. § 4617(b)(12)(A).  The Ninth Circuit explicitly rejected the same arguments made here by SFR.  Though SFR contends that an upcoming decision by the Nevada Supreme Court could negatively impact the Circuit's statute of limitations holding in *M&T Bank*, (Resp. 1:25–3:4, ECF No. 147), the Court finds no basis to now abandon the Circuit's precedential interpretation of federal law.  Plaintiff's claim for quiet title under the Federal Foreclosure Bar is therefore timely.

### B. Motion for Relief under Federal Rule of Civil Procedure 56(d)

Because BANA's quiet title claims against SFR are timely, the next issue before the Court is whether to permit additional discovery pursuant to Federal Rule of Civil Procedure 56(d) before ruling on the full merits of SFR and BANA's pending Motions for Summary Judgment.  FRCP 56(d) provides, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer consideration of the motion [for summary judgment] or deny it; (2) allow time to obtain affidavits or declarations to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56.  The affidavit or declaration provided by the party seeking to delay summary judgment must reveal the specific facts the party hopes to elicit with additional discovery, whether the sought-after facts exist, and that such facts are essential to oppose summary judgment. *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 1222, 203 L. Ed. 2d 208 (2019).  The Court also considers the following factors to guide the discretionary decision to permit additional discovery: (1) "whether the movant had sufficient

opportunity to conduct discovery"; (2) "whether the movant was diligent"; (3) "whether the information sought is based on mere speculation"; and (4) "whether allowing additional discovery would preclude summary judgment." *See Martinez v. Columbia Sportswear USA Corp.*, 553 F. App'x 760, 761 (9th Cir. 2014). Stated plainly, "Rule 56(d) requests should be granted freely where a party has not had a 'realistic opportunity' to pursue discovery relating to its theory of the case." *Soule v. High Rock Holding, LLC*, 514 B.R. 626, 630 (D. Nev. 2014) (citing *Burlington N. Santa Fe R. Co. v. Assiniboine and Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003)).

Here, the unique circumstances of discovery delays and recent evidentiary concerns persuade the Court to permit the additional discovery sought by SFR pursuant to FRCP 56(d). Indeed, SFR provides a declaration noting that "[d]ue to the prior stays [of the case] and the stay of discovery, SFR has been unable to reset the depositions of Fannie Mae, and was not able to subpoena MERS or issue relevant written discovery to [BANA]." (Decl. Jacqueline A. Gilbert, Esq. ¶ 44, Ex. 1 to Reply, ECF No. 135-1). SFR's declaration in support of FRCP 56(d) relief further explains SFR's diligence during the prior, limited window of discovery. (*See id.* ¶¶ 37–42). Though BANA cogently argues that is has already provided evidentiary support for the merits of its claims, which courts have deemed sufficient, *Berezovsky v. Moniz*, 869 F.3d 923, 927–32 (9th Cir. 2017), that is not a conclusive reason to deny additional discovery at this stage and under the facts and arguments presented. *See Fed. Nat'l Mortg. Ass'n v. SFR Investments Pool 1, LLC*, No. 2:18-cv-001584-GMN-GWF, 2019 WL 2176918, at *5 (D. Nev. May 20, 2019) ("Even assuming Plaintiffs are correct [about the sufficiency of their already-provided evidence], it does not follow that such evidence constitutes irrebuttable proof such that discovery is certain to be fruitless.").

The Court recognizes that several decisions from this District have denied FRCP 56(d) relief in these types of quiet title cases, but this present matter is more akin to other decisions

granting such relief. *See Fed. Nat'l Mortg. Ass'n v. SFR Investments Pool 1, LLC*, No. 2:17-cv-01750-APG-BNW, 2019 WL 3291522, at *5 (D. Nev. July 22, 2019) ("I grant SFR's Rule 56(d) motion because Magistrate Judge Leen granted the parties' motions to stay discovery before SFR explored the issues raised in Graham Babin's declaration."); *New Penn Fin., LLC v. Riverwalk Ranch Master Homeowners Ass'n*, No. 2:17-cv-02167-APG-CWH, 2018 WL 5621864, at *3 (D. Nev. Oct. 29, 2018). The Court therefore denies the presently filed Motions for Summary Judgment without prejudice,[1] and will permit the specific discovery requested in SFR's provided Declaration, (Decl. ¶¶ 43–44, ECF No. 135-1). Specifically, the Court will permit ninety days of additional discovery in this matter, though either party may move to extend the discovery period upon a showing of good cause.

Moreover, the Court denies SFR's pending Motion for Default Judgment, (ECF No. 129), without prejudice because additional discovery could impact the merits of that request.[2] Additional discovery also warrants denial of SFR's Motion in Limine, (ECF No. 133), and Motion to Strike, (ECF No. 134), because discovery may alleviate the evidentiary fairness concerns presently raised.

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that SFR's Motion for Summary Judgment, (ECF No. 128), is **DENIED in part with prejudice** and **DENIED in part without prejudice**.

**IT IS FURTHER ORDERED** that BANA's Motion for Partial Summary Judgment, (ECF No. 131), is **DENIED without prejudice**.

---

[1] Because this Order rejects SFR's argument for summary judgment based on statutory limitations grounds relating to the Federal Foreclosure Bar, that portion of SFR's Motion for Summary Judgment is denied with prejudice.

[2] The Court will, however, grant SFR's Motion to Vacate Default Judgment, (ECF No. 130). As stated by SFR, the Court previously granted SFR's motion for default judgment against Charito and Engelbert Espinosa in favor of SFR, (ECF No. 119). But the Court's Order doing so has since been vacated. (*See* Vacated Order, ECF No. 119). The Court accordingly will vacate the Default Judgment entered on the docket in favor of SFR and against Charito and Engelbert Espinosa, (ECF No. 120).

**IT IS FURTHER ORDERED** that SFR's Motion in Limine, (ECF No. 133), and Motion to Strike, (ECF No. 134), are **DENIED**.

**IT IS FURTHER ORDERED** that, in light of the Court's grant of FRCP 56(d) relief, SFR's Motion for Default Judgment, (ECF No. 129), is **DENIED**.

**IT IS FURTHER ORDERED** that SFR's Motion to Vacate Default Judgment, (ECF No. 130), is **GRANTED**. The Court **VACATES** the Default Judgment, (ECF No. 120), entered against Charito Espinosa and Engelbert Espinosa.

**IT IS FURTHER ORDERED** that SFR's Counter Motion for FRCP 56(d) Relief, (ECF No. 136), is **GRANTED** as outlined in this Order.

**IT IS FURTHER ORDERED** that, in light of the previously assigned Honorable Magistrate Judge Peggy A. Leen's retirement, the Clerk of Court shall randomly reassign this case to an active magistrate judge to preside over the limited discovery authorized by this Order. Requests made for discovery in addition to that permitted in this Order, including requests to extend the discovery period, shall be addressed by the later-assigned magistrate judge.

**IT IS FURTHER ORDERED** that BANA's Motions to Remove Attorney, (ECF Nos. 144, 145), are **GRANTED**.

**IT IS FURTHER ORDERED** that BANA's Motion for Leave to File Proposed Notice of New Authority, (ECF No. 146), is **GRANTED**.

**DATED** this __28__ day of August, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court