UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, N.A., ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:16-cv-01106-GMN-NJK |
| vs. ) | |
| ) | **ORDER** |
| TERRACES AT ROSE LAKE ) | |
| HOMEOWNERS ASSOCIATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

Pending before the Court is the Motion for Partial Summary Judgment, (ECF No. 155), filed by Plaintiff Bank of America, N.A. ("BANA") in its capacity as servicer for a loan owned by the Federal National Mortgage Association ("Fannie Mae"). Defendant SFR Investments Pool 1, LLC ("SFR") filed a Response, (ECF No. 158), and BANA filed a Reply, (ECF No. 159).[1]

For the reasons discussed below, the Court **GRANTS** BANA's Partial Motion for Summary Judgment.

I. **BACKGROUND**

This case arises from a non-judicial foreclosure on real property located at 3420 Catherine Mermet Avenue, North Las Vegas, Nevada, 89091 (the "Property"), conducted by Defendant Terraces at Rose Lake Homeowners Association ("HOA") under NRS 116, due to outstanding delinquent assessments owed against the Property. (*See* Deed of Trust ("DOT"), Ex. 6 to BANA's MSJ, ECF No. 155-6); (Foreclosure Deed, Ex. 13 to BANA's MSJ, ECF No. 155-13). Prior to foreclosure, Engelbert Espinosa and Charito Espinosa ("Borrowers")

---

[1] The Court takes judicial notice of the matters of public record attached as exhibits in the respective parties' motions. *See Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

purchased the Property in March 2007, by way of a loan amounting to $237,927.00 secured by a Deed of Trust ("DOT"), recorded on March 15, 2007. (DOT, Ex. 6 to BANA's MSJ). The DOT identifies CTX Mortgage Company, LLC as the original lender. (*Id.*). In June 2007, Fannie Mae purchased the loan, obtaining an ownership interest in the DOT. (Carr Dep. 21:10–11, 30:14–31:3, Ex. 16 to BANA's MSJ, ECF No. 155-16); (Curcio Decl. ¶ 5, Ex. 7 to BANA's MSJ, ECF No. 155-7). BANA then acquired an interest in the DOT through an assignment in July 2010. (Assignment of DOT, Ex. 8 to BANA's MSJ, ECF No. 155-8); (Certificate of Merger, Ex. 9 to BANA's MSJ, ECF No. 155-9).

     BANA initiated this case by filing its Complaint, (ECF No. 1), seeking quiet title and equitable relief associated with the foreclosure sale on the basis that the foreclosure sale did not extinguish its DOT on the Property. On March 20, 2018, the Court granted summary judgment to BANA because, under *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016), the HOA "foreclosed under a facially unconstitutional notice scheme" and, therefore, the "foreclosure cannot have extinguished" Fannie Mae's DOT on the property. (Order 9:24–10:4, ECF No. 104). The parties appealed that decision to the United States Court of Appeals for the Ninth Circuit. While this case was pending on appeal, the Ninth Circuit held in a different matter that Nevada's homeowner's association foreclosure scheme is not facially unconstitutional because the decision in *Bourne Valley* was based on a construction of Nevada law that the Nevada Supreme Court has since made clear was incorrect. *See Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 624 (9th Cir. 2019) (recognizing that *Bourne Valley* "no longer controls the analysis" in light of *SFR Investments Pool1, LLC v. Bank of New York Mellon*, 422 P.3d 1248 (Nev. 2018)). This Court then indicated to the Circuit that it would vacate its prior Order on summary judgment, and the Circuit remanded to address the merits of BANA's claims considering the later-decided authority. (Order, ECF No. 120); (Order of USCA, ECF No. 124).

On remand, the Court granted SFR's request for additional discovery under Federal Rule of Civil Procedure 56(d). (Order 6:12–8:15, ECF No. 149). Now that the additional discovery has concluded, BANA files its renewed Motion for Partial Summary Judgment.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is a sufficient evidentiary basis on which a reasonable factfinder could rely to find for the nonmoving party. *See id.* "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)). "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp.*

*Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).  In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).  However, the nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of America*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted).  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.  In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

1   At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255.  But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III.  DISCUSSION

BANA moves for summary judgment on its quiet title and declaratory relief claims, asserting that 12 U.S.C. § 4617(j)(3) (the "Federal Foreclosure Bar") requires the Court to find that the HOA's foreclosure sale failed to extinguish Fannie Mae's DOT on the Property. (BANA's MSJ 10:4–17:22, ECF No. 155).[2]  To counter, SFR argues that: (1) BANA's § 4617(j)(3) claim is time-barred; and (2) the Federal Foreclosure Bar should not protect Fannie Mae's DOT in this action. (SFR's Resp. 1:22–25, ECF No. 128).[3]

#### A.  Statute of Limitations

SFR claims that BANA's quiet title claim under the Federal Foreclosure Bar is time-barred because BANA did not file its Complaint until four years after the sale of the Property. (SFR's Resp. 7:17–26).  However, in a prior Order, this Court already determined that BANA's claim in this case is timely because the Ninth Circuit has held that the statute of limitations for a quiet title claim arising from the Federal Foreclosure Bar is six years. *M&T Bank v. SFR Investments Pool 1, LLC*, 963 F.3d 854, 858 (9th Cir. 2020); (Order 5:23–6:11, ECF No. 149).

---

[2] In the alternative, BANA argues that the HOA's superpriority lien was extinguished when the mortgagee tendered the superpriority amount to HOA's agent, Alessi & Koenig, LLC, thus preserving its DOT. (BANA's MSJ 17:23–19:4, ECF No. 155).  However, because the Court grants summary judgment in favor of BANA based on the Federal Foreclosure Bar claim, the Court need not address BANA's alternative argument.

[3] SFR also requested that the Court stay this case until the Supreme Court decided *M&T Bank* and *Collins v. Mnuchin*, No. 19-422 (filed Sept. 25, 2019).  However, both cases have since been decided.  The Supreme Court denied the petition for writ of certiorari in *M&T Bank*, and *Collins* has no discernable impact on the present case. *See SFR Investments Pool 1, LLC v. M&T Bank*, No. 20-908, __S. Ct. __, 2021 WL 1602655 (2021); *Collins v. Yellin*, 141 S. Ct. 1761 (2021).

The Court finds no basis to depart from its ruling, especially when considering that the Supreme Court denied SFR's petition for writ of certiorari in *M&T Bank*. *See SFR Investments Pool 1, LLC v. M&T Bank*, No. 20-908, __S. Ct. __, 2021 WL 1602655 (2021).

### B. Federal Foreclosure Bar

BANA asks the Court to find that 12 U.S.C. § 4617(j)(3) preempts any Nevada law that otherwise would permit a foreclosure of an HOA lien to extinguish Fannie Mae's property interest while it is under the Federal Housing Finance Agency's ("FHFA's") conservatorship.[4] The Federal Foreclosure Bar prohibits foreclosures of federally owned or controlled property "without the consent of the [Federal Housing Finance Agency]." 12 U.S.C. § 4617(j)(3) (2012); *see Saticoy Bay, LLC, Series 2714 Snapdragon v. Flagstar Bank, FSB*, 699 F. App'x 658 (9th Cir. 2017); *Skylights LLC v. Fannie Mae*, 112 F. Supp. 3d 1145 (D. Nev. 2015). The Ninth Circuit's decision in *Berezovsky v. Moniz*, 869 F.3d 923, 932 (9th Cir. 2017), confirmed that the Federal Foreclosure Bar preserves the property interests of the FHFA, including a government-sponsored enterprise of the Agency such as Fannie Mae, from an HOA's foreclosure sale under NRS 116.3116, if that sale occurred without the affirmative consent of the Agency. *Id.* at 927-32.

Here, BANA has presented evidence of business records supported by an employee declaration to certify that Fannie Mae purchased the loan in 2007, as well as evidence of Fannie Mae's Single-Family Selling Guide and Fannie Mae's Single-Family Servicing Guide, which govern the relationship between Fannie Mae and its loan servicers. (Carr Dep. 21:10–11, 30:14–31:3, Ex. 16 to BANA's MSJ); (Ex. A to Curcio Decl., Ex. 7 to BANA's MSJ); (Curcio Decl. ¶ 5, Ex. 7 to BANA's MSJ); (Servicing Guide, Ex. 1 to BANA's MSJ, ECF No. 155-1); (Selling Guide, Ex. 2 to BANA's MSJ, ECF No. 155-2). This evidence is materially the same

---

[4] The FHFA is the conservator for Fannie Mae and the Federal Home Loan Mortgage Corporation ("Freddie Mac").

as the evidence deemed sufficient in *Berezovsky* to invoke the Federal Foreclosure Bar.  The evidence confirms that Fannie Mae had an interest in the Property at the time of the HOA foreclosure sale, the FHFA did not affirmatively consent to extinguishment, and BANA, as the loan servicer, can assert the protections of the Federal Foreclosure Bar in this case.  Therefore, the Court finds that the HOA's foreclosure sale did not extinguish Fannie Mae's interest in the Property, and the DOT continues to encumber it.

Nonetheless, SFR raises several arguments questioning the authenticity of the records, sufficiency of the agency relationship, and consent to extinguishment.  Specifically, SFR argues: (1) BANA must produce the wet-ink promissory note and MSSC/Lender Contract; (2) the Bank must prove Fannie Mae's power to "enforce its interest under the security instrument;" (3) BANA's evidence violates the best evidence rule; (4) BANA must produce an original agreement establishing an agency relationship with Fannie Mae; (5) BANA's business records and declaration are not admissible to show a servicing relationship; and (6) the FHFA impliedly consented to the DOT's extinguishment. (SFR's Resp. 9:3–19:14).  This Court, as well as the Ninth Circuit, has explicitly and repeatedly rejected each of these arguments. *See, e.g.*, *Ditech Fin., LLC v. SFR Invs. Pool 1, LLC*, 380 F. Supp. 3d 1089, 1094–95 (D. Nev. 2019); *BANK OF AMERICA, N.A., Plaintiff v. PUEBLO AT SANTE FE CONDOMINIUM ASSOCIATION, INC., et al., Defendants. Additional Party Names: Keynote Properties, LLC*, No. 2:16-CV-01199-GMN-CWH, 2019 U.S. Dist. LEXIS 48832, 2019 WL 1338385, at *4 (D. Nev. Mar. 25, 2019) (business records showing that Fannie Mae purchased the property sufficiently establish an ownership interest); *Bank of Am., N.A. v. Palm Hills Homeowners Ass'n, Inc.*, No. 216-CV-00614-APG-GWF, 2019 U.S. Dist. LEXIS 30955, 2019 WL 958378, at *2 (D. Nev. Feb. 27, 2019) (requiring affirmative action by the FHFA to consent to extinguishment); *Williston Inv. Grp., LLC v. JP Morgan Chase Bank, NA*, 736 F. App'x 168, 169 (9th Cir. 2018) (denying similar arguments); *Berezovsky v. Moniz*, 869 F.3d at 932 ("An

agency relationship exists if the note owner has the ability to reclaim the deed of trust from the beneficiary by ordering that the beneficiary make an assignment"). SFR has not satisfied its burden of providing, or pointing to, any evidence that raises more than a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). Accordingly, the Court grants summary judgment in favor of BANA.

### IV.   CONCLUSION

**IT IS HEREBY ORDERED** that BANA's Partial Motion for Summary Judgment, (ECF No. 155), is **GRANTED**.

**DATED** this __13__ day of September, 2021.

_____
Gloria M. Navarro, District Judge
United States District Court